**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | EV 01-019-CR-01-Y/H |
| | ) | 3:05-cv-0019-RLY-WGH |
| DARNELL DEWAYNE MCRATH, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Darnell DeWayne McRath's motion for relief pursuant to 28 U.S.C. § 2255 is denied and this action must be dismissed with prejudice. This disposition is compelled by the pleadings and the expanded record, which show that McRath's § 2255 motion was not filed within the period of limitations prescribed by 28 U.S.C. § 2255(1). The specifics of the computation associated with this conclusion are the following:

● Criminal charges against McRath were resolved through the submission and acceptance of a plea agreement between McRath and the United States. The court's written Judgment was entered on the clerk's docket on March 15, 2002. No appeal or post-judgment motion was filed until the present § 2255 motion was filed.

● McRath's conviction became final on March 29, 2002, upon the expiration of the time within which he could have filed a notice of appeal.

● "Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations. See 28 U.S.C. §§ 2244(d), 2255." *Gendron v. United States,* 154 F.3d 672, 675 (7th Cir. 1998), *cert. denied sub nom., Ahitow v. Glass,* 526 U.S. 1113 (1999). In relevant part, the AEDPA amended § 2255 by adding the following language: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final; . . . ." 28 U.S.C. § 2255(1).

● The last day on which McRath could have filed a timely § 2255 motion was March 31, 2003 (with both March 29 and 30, 2003, not having been working days).

- The present § 2255 motion can be considered to have been filed on the date it was signed, January 20, 2005.

Based on the foregoing, McRath's § 2255 motion was filed one year, nine months and three weeks after the statute of limitations expired. There is no claim McRath presents which avoids this effect, e.g., *United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005) (defendants whose judgments became final before *United States v. Booker,* 125 S. Ct. 738 (2005), was decided are "out of luck, because *Booker* is not retroactive").

Apart from being barred by the applicable statute of limitations, McRath surrendered his right to challenge his conviction and sentence pursuant to § 2255 through an explicit provision of the plea agreement. That provision is binding in the absence of any discrete claims which relate directly to the negotiation of the waiver, *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), and no such claims are present here.

McRath's motion pursuant to 28 U.S.C. § 2255 must be denied because it was not timely filed and because of the waiver in his plea agreement. Judgment consistent with this Entry shall now issue.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana